IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| J.S., (a minor child by and through his father and next friend, John Seawright), | * * * | |
| Plaintiff, | * * | |
| vs. | * * | Civil Case No. 02:05-cv-928-WKW |
| Officer Curt Campbell, in his individual capacity, | * * * | |
| Defendant. | * | |

## DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND PLAINTIFF'S MORE DEFINITE STATEMENT

COMES NOW Defendant, Curt Campbell, by and through counsel, and states the following as his first amended answer to Plaintiff's complaint and Plaintiff's more definite statement::

1. This Defendant admits that this Court has jurisdiction to adjudicate this matter. This Defendant denies the remainder of paragraph one of Plaintiff's complaint and demands strict proof thereof.

2. This Defendant admits that venue is proper in the Middle District of Alabama. This Defendant denies he remainder of paragraph two of Plaintiff's complaint and demands strict proof thereof.

3. This Defendant admits that Plaintiff is under the age of nineteen years and resides in Lowndes County. This Defendant denies the remainder of paragraph three of

Plaintiff's complaint and demands strict proof thereof.

4. This Defendant admits that he is over the age of nineteen years and was an employee, officer, or agent of the Town of Fort Deposit. This Defendant denies the remainder of paragraph four of Plaintiff's complaint and demands strict proof thereof.

5. This Defendant denies paragraph five of Plaintiff's complaint and demands strict proof thereof.

6. No answer is required of this Defendant as to paragraph six of Plaintiff's complaint.

7. This Defendant denies paragraph seven of Plaintiff's complaint and demands strict proof thereof.

8. This Defendant denies paragraph eight of Plaintiff's complaint and demands strict proof thereof.

9. This Defendant denies paragraph nine of Plaintiff's complaint and demands strict proof thereof.

10. No answer is required of this Defendant as to paragraph ten of Plaintiff's complaint.

11. This Defendant denies count one of Plaintiff's complaint and demands strict proof thereof.

12. This Defendant denies count two of Plaintiff's complaint and demands strict proof thereof.

13. This Defendant denies count three of Plaintiff's complaint and demands strict

proof thereof.

14.    This Defendant denies count four [sic] of Plaintiff's complaint and demands strict proof thereof.

15.    This Defendant denies the prayer for relief and specifically denies that Plaintiff is entitled to declaratory judgment, compensatory damages, punitive damages, costs, or other relief.

## MORE DEFINITE STATEMENT

1.    This Defendant denies any and all liability pursuant to the Fourth Amendment of the United States Constitution and demands strict proof thereof.

2.    No answer is required of this Defendant as to paragraph two of Plaintiff's more definite statement.

3.    This Defendant denies the allegations in paragraph three of Plaintiff's more definite statement and demands strict proof thereof.

4.    This Defendant denies the allegations in paragraph four of Plaintiff's more definite statement and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1.    This Defendant affirmatively pleads that he is entitled to qualified immunity and discretionary function immunity.

2.    This Defendant affirmatively pleads that he is entitled to immunity pursuant to Alabama Code § 6-5-338.

3. This Defendant affirmatively pleads his actions were reasonable and justified.

4. This Defendant affirmatively pleads his actions were reasonable and legitimate.

5. This Defendant affirmatively pleads his actions were the actions of a reasonable officer.

6. This Defendant affirmatively pleads the general issue.

7. This Defendant affirmatively pleads that any judgment rendered in this case is limited by statute.

8. This Defendant affirmatively pleads contributory negligence.

9. This Defendant affirmatively pleads that his actions were proper according to law.

10. This Defendant affirmatively pleads that his actions were not the proximate cause of Plaintiff's alleged injuries.

11. This Defendant affirmatively pleads the de minimis force doctrine.

12. This Defendant affirmatively pleads he is immune from liability and this action.

13. This Defendant pleads that Plaintiff was not damaged.

14. This Defendant affirmatively that a reasonable officer in the same position as Officer Curt Campbell would have acted the same as Curt Campbell.

15. This Defendant affirmatively pleads that Plaintiff's allegations that he passed out and was injured are frivolous.

16. This Defendant affirmatively pleads that Plaintiff did not have severe injuries requiring the attention of a physician.

17. This Defendant affirmatively pleads that Plaintiff was not permanently harmed.

18. This Defendant affirmatively pleads that Plaintiff was violating the law at the time of his interaction with Curt Campbell.

RESPECTFULLY SUBMITTED, this the 26th day of Jan, 2006.

/s/ Rick Howard

ALEX L. HOLTSFORD, JR. (HOL048)
RICK A. HOWARD (HOW045)
APRIL M. WILLIS (WIL304)
Attorneys for Curt Campbell

OF COUNSEL:
Nix Holtsford Gilliland
    Higgins & Hitson, P.C.
P.O. Box 4128
Montgomery, AL 36103-4128
(334) 215-8585

## CERTIFICATE OF SERVICE

I hereby certify that I have this day sent by mail, postage prepaid, an exact copy of the foregoing document to:

Jay Lewis
Andy Nelms
847 S. McDonough Street
Montgomery, Alabama 36104

This the 26th day of January, 2006.

_____
OF COUNSEL