IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| J. S. (a minor child, by and through his father and next best friend, John Searight), | * * * * |
| v. | * Civil Case No. 2:05-cv-928-W * |
| Officer Curt Campbell, in his individual capacity, Defendant. | * JURY TRIAL DEMANDED * * |

**AMENDED COMPLAINT**

COMES NOW Plaintiff J.S. (a minor child, by and through his father and next best friend, John Seawright) , by and through his attorney, and would show unto the Court as follows:

**JURISDICTION AND VENUE**

1. Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by virtue of the First and Fourth Amendments to the Constitution of the United States, 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 2201, 28 U.S.C. § 2202, and the doctrine of supplemental jurisdiction to obtain declaratory relief and compensatory and punitive damages. Defendant violated Plaintiff's rights as guaranteed by the Constitution of the United States, by Federal law, and by the laws and Constitution of 1901 of the State of Alabama.

2. The violations of Plaintiff's rights as alleged herein occurred in Lowndes County, Alabama, and were committed within the Northern Division of the Middle District of the State of Alabama.

**PARTIES**

3.  Plaintiff J.S. is under the age of 19 years (age 13), and is and at all times material hereto was a citizen of the United States and the State of Alabama, residing in Lowndes County, Alabama.  J.S. is suing by and through his father and next friend, John Searight.

4.  Officer Curt Campbell (hereinafter, "Campbell"), a better denomination of whom is presently unknown to Plaintiff, is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the City of Fort Deposit Police Department and is a person whose conduct proximately and directly harmed Plaintiff.

**NATURE OF PROCEEDINGS**

5.  This is a proceeding for a judgment declaring the relative rights, responsibilities and liabilities of the parties, each to the other, and for compensatory and punitive damages for Plaintiff's suffering as a consequence of the wrongs alleged herein.

**FACTS**

6.  Plaintiff expressly adopts as if fully set forth herein the allegations in the foregoing paragraphs.

7.  On or about May 15, 2005, Plaintiff was standing in the yard of an address near the intersection of North Pollard Street and Walker Mason Street in Fort Deposit, Lowndes County, Alabama.

8.  On that date and at that place, Plaintiff raised his arms in the direction of a police car being driven by defendant Campbell and extended skyward the middle finger of each hand, in a gesture commonly called "giving the finger," "shooting a bird," "flipping a bird," or "giving a bird."

9. Defendant Campbell believed that the gesture was directed at him.

10. Defendant Campbell drove to the end of the street, turned around, stopped his car and approached Plaintiff.

11. Campbell and Plaintiff exchanged words.

12. Campbell twice attempted to grab Plaintiff's arm; Plaintiff pulled away the first time, but was unable to free himself the second time.

13. Without probable cause or justification of any sort, defendant Campbell grabbed and purposefully choked Plaintiff around the neck to the extent that Plaintiff was caused to pass out.

14. Campbell handcuffed Plaintiff and held him against his will for approximately twenty minutes. Defendant never charged Plaintiff with any crime.

15. At the time Defendant attacked Plaintiff, Plaintiff was not under formal arrest (but had been arrested in that his freedom was restrained and he was not at liberty to leave) and was not committing any violation of law.

16. Plaintiff was caused to have severe injuries requiring the attention of a physician. These injuries resulted in permanent harm to Plaintiff.

17. At all times material hereto, Campbell was an officer, agent, or employee of Fort Deposit Police Department, and was carrying out state action.

## CAUSES OF ACTION

18. As to each of the counts herein below set forth, Plaintiff expressly adopts as if fully set forth herein the allegations of the foregoing paragraphs.

### COUNT I – DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW

19. At all times material hereto, Campbell was acting as a law enforcement officer pursuant

to State statute and the ordinances, customs, and policies of the Fort Deposit Police Department.

20. Plaintiff had a protectible interest in his freedom under the First and Fourteenth Amendments to the United States Constitution. He had a right under the First Amendment to express himself. He further had a right under the Fourth and Fourteenth Amendments to the United States Constitution to be secure in his person against unreasonable searches and seizures and to be free from the use of unreasonable and excessive force.

21. The aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

22. Any reasonable officer knows or should know that the aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

23. Defendant without justification deprived Plaintiff of his First Amendment right to free speech. Further, Defendant assaulted and battered Plaintiff without justification of any sort and subjected him to unreasonable and excessive force in violation of the Fourth Amendment to the United States Constitution.

24. Plaintiff's rights under the First and Fourth Amendments were thus impermissibly abridged and violated.

25. The aforesaid conduct proximately caused damage to Plaintiff in that it caused him to experience pain, suffering, embarrassment, humiliation, extreme mental anguish and severe emotional distress.

## COUNT II – NEGLIGENCE

26. The aforementioned conduct by Defendant constituted negligent behavior in that

Defendant owed a duty to Plaintiff to conduct himself in such a way as to avoid harming Plaintiff.

27. In engaging in the conduct he did, as more fully set forth and described herein, Defendant was neglectful, careless, and unskillful as compared to reasonable law enforcement officers.

28. Defendant negligently assaulted and battered Plaintiff.

29. The said negligent conduct was the proximate cause of injuries to Plaintiff in that Plaintiff was subjected to physical pain and suffering and great emotional distress and mental anguish.

30. Plaintiff has been injured and damaged as a direct and proximate result of Defendant's conduct.

## COUNT III – ASSAULT AND BATTERY

31. On the date and at the time of the conduct made the subject of this action, the defendant touched J.S. in rudeness, in anger, or in a hostile manner, by touching his person.

32. Plaintiff suffered damages as otherwise herein described as a direct and proximate result of the assault and battery by the defendant.

## PRAYER FOR RELIEF

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff prays for relief as follows:

a) Enter a declaratory judgment that the policies and practices complained of herein are unlawful and violative of the First, Fourth and Fourteenth Amendments to the United States Constitution, as addressed by and through 42 USCA § 1983;

b) Grant Compensatory damages in favor of Plaintiff as against Defendant of $500,000.00;

c)  Grant Punitive damages to Plaintiff against Defendant in the amount of $500,000.00;

d)  Grant Plaintiff the cost of this action including reasonable attorneys' fees;

e)  Grant such other, further and different relief as this Court may deem just and proper, including all equitable relief, the awarding of which is within the jurisdiction of the Court.

RESPECTFULLY SUBMITTED on this the __3rd__ day of April, 2006.

/s/ JAY LEWIS
Jay Lewis
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J
One of the Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the below named parties or attorneys on this __3rd__ day of April, 2006.

Alex L. Holtsford, Jr.
Rick A. Howard

/s/ JAY LEWIS
Jay Lewis
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J
One of the Attorneys for Plaintiff

**PLAINTIFF DEMANDS TRIAL BY JURY**