IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| J.S., (a minor child by and through his father and next friend, John Seawright), | * * * | |
| Plaintiff, | * * | |
| vs. | * * | Civil Case No. 02:05-cv-928-WKW |
| Officer Curt Campbell, in his individual capacity, | * * * | |
| Defendant. | * | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW Defendant, Curt Campbell, by and through counsel, and incorporates all of his averments in his answer to Plaintiff's previously filed complaint and Plaintiff's previously filed amended complaint, and state the following as his answer to Plaintiff's second amended complaint:

### JURISDICTION & VENUE

1. This Defendant admits that this Court has jurisdiction to adjudicate this matter. This Defendant denies that he violated Plaintiff's rights and demands strict proof thereof.

2. This Defendant admits that venue is proper in the United States District Court for the Middle District of Alabama, Northern Division. This Defendant denies that Plaintiff's rights were violated and demands strict proof thereof.

## PARTIES

3. This Defendant admits that Plaintiff is under the age of nineteen years and is a resident of Lowndes County.

4. This Defendant admits that he is an officer or agent of the Town of Fort Deposit and denies that his conduct proximately or directly harmed Plaintiff and demands strict proof thereof.

## NATURE OF PROCEEDINGS

5. This Defendant denies that Plaintiff is entitled to compensatory or punitive damages and demands strict proof thereof.

## FACTS

6. No answer is required of this Defendant as to paragraph six of Plaintiff's complaint.

7. This Defendant admits paragraph seven of Plaintiff's complaint.

8. This Defendant admits paragraph eight of Plaintiff's complaint.

9. This Defendant admits paragraph nine of Plaintiff's complaint.

10. This Defendant admits paragraph ten of Plaintiff's complaint.

11. This Defendant admits paragraph eleven of Plaintiff's complaint.

12. This Defendant admits paragraph twelve of Plaintiff's complaint.

13. This Defendant denies paragraph thirteen of Plaintiff's complaint and demands strict proof thereof.

14. This Defendant denies paragraph fourteen of Plaintiff's complaint and demands strict proof thereof.

15. This Defendant denies paragraph fifteen of Plaintiff's complaint and demands strict proof thereof.

16. This Defendant denies paragraph sixteen of Plaintiff's complaint and demands strict proof thereof.

17. This Defendant admits paragraph seventeen of Plaintiff's complaint.

## CAUSES OF ACTION

18. No answer is required of this Defendant as to paragraph eighteen of Plaintiff's complaint.

## COUNT ONE - DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW

19. This Defendant admits paragraph nineteen of Plaintiff's complaint.

20. This Defendant denies paragraph twenty of Plaintiff's complaint and demands strict proof thereof.

21. This Defendant denies paragraph twenty-one of Plaintiff's complaint and demands strict proof thereof.

22. This Defendant denies paragraph twenty-two of Plaintiff's complaint and demands strict proof thereof.

23. This Defendant denies paragraph twenty-three of Plaintiff's complaint and demands strict proof thereof.

24. This Defendant denies paragraph twenty-four of Plaintiff's complaint and demands strict proof thereof.

25. This Defendant denies paragraph twenty-five of Plaintiff's complaint and demands strict proof thereof.

## COUNT TWO - NEGLIGENCE

26. This Defendant denies paragraph twenty-six of Plaintiff's complaint and demands strict proof thereof.

27. This Defendant denies paragraph twenty-seven of Plaintiff's complaint and demands strict proof thereof.

28. This Defendant denies paragraph twenty-eight of Plaintiff's complaint and demands strict proof thereof.

29. This Defendant denies paragraph twenty-nine of Plaintiff's complaint and demands strict proof thereof.

30. This Defendant denies paragraph thirty of Plaintiff's complaint and demands strict proof thereof.

## COUNT THREE - ASSAULT & BATTERY

31. This Defendant denies paragraph thirty-one of Plaintiff's complaint and demands strict proof thereof..

32. This Defendant denies paragraph thirty-two of Plaintiff's complaint and demands strict proof thereof.

33. This Defendant denies that Plaintiff is entitled to any relief as set forth in his "prayer for relief."

## AFFIRMATIVE DEFENSES

1. This Defendant affirmatively pleads that he is entitled to qualified immunity and discretionary function immunity.

2. This Defendant affirmatively pleads that he is entitled to immunity pursuant to Alabama Code § 6-5-338.

3. This Defendant affirmatively pleads his actions were reasonable and justified.

4. This Defendant affirmatively pleads his actions were reasonable and legitimate.

5. This Defendant affirmatively pleads his actions were the actions of a reasonable officer.

6. This Defendant affirmatively pleads the general issue.

7. This Defendant affirmatively pleads that any judgment rendered in this case is limited by statute.

8. This Defendant affirmatively pleads contributory negligence.

9. This Defendant affirmatively pleads that his actions were proper according to law.

10. This Defendant affirmatively pleads that his actions were not the proximate cause of Plaintiff's alleged injuries.

11. This Defendant affirmatively pleads the de minimis force doctrine.

12. This Defendant affirmatively pleads he is immune from liability and this action.

13. This Defendant pleads that Plaintiff was not damaged.

14. This Defendant affirmatively that a reasonable officer in the same position as Officer Curt Campbell would have acted the same as Curt Campbell.

15. This Defendant affirmatively pleads that Plaintiff's allegations that he passed out and was injured are frivolous.

16. This Defendant affirmatively pleads that Plaintiff did not have severe injuries requiring the attention of a physician.

17. This Defendant affirmatively pleads that Plaintiff was not permanently harmed.

18. This Defendant affirmatively pleads that Plaintiff was violating the law at the time of his interaction with Curt Campbell.

19. This Defendant affirmatively pleads that this actions were not a matter of public interest.

20. This Defendant affirmatively pleads that Plaintiff was not retaliated against for his alleged speech.

21. This Defendant affirmatively pleads that no decision was made based on Plaintiff's expression in a matter involving public interest.

22. This Defendant affirmatively pleads that Plaintiff's alleged First Amendment activity does not outweigh Defendant's interest in promoting the efficient delivery of public services.

23. This Defendant affirmatively pleads that Plaintiff was not exercising his free speech rights.

24. This Defendant affirmatively pleads that the existence of probable cause to arrest defeats Plaintiff's First and Fourth Amendment claims.

## **PUNITIVE DAMAGES**

1. The complaint fails to properly state a claim for punitive damages.

2. Alabama law permitting joint liability for punitive damages violates the equal protection clause of the 14th Amendment to the United States Constitution, as it does not assign a proportionate responsibility for a defendant's contribution to the wrongful conduct alleged.

3. Any award of punitive damages to a plaintiff who does not satisfy a burden of proof equal to or greater than the "beyond a reasonable doubt" burden of proof required in criminal cases violates the due process and equal protection clauses of the 14th Amendment of the United States Constitution and the due process clause of the Alabama Constitution.

4. The procedures thorough which punitive damages are imposed allow awards that exceed the maximum criminal fine for the same or similar conduct, which violates the due process clauses of the 5th and 14th Amendments to the United States Constitution, the equal protection clause of the 14th Amendment of the United States Constitution, and the due process clause of the Alabama Constitution.

5. The procedures through which punitive damages are awarded violate the due process and equal protection clauses of the 14th Amendment to the United States Constitution and the due process clause of the Alabama Constitution because they allow joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

6. The procedures through which punitive damages are awarded violate the equal protection clause of the 14th Amendment to the United States Constitution, as they result in

widely varying penalties for the same or similar acts.

7. The procedures through which punitive damages are awarded violate the due process clause of the 14th Amendment of the United States Constitution and the due process clause of the Alabama Constitution by failing to provide a reasonable limit on the amount of the award.

8. The procedures through which punitive damages are awarded violate the due process and equal protection Clauses of the 14th Amendment of the United States Constitution and the due process clause of the Alabama Constitution by failing to provide specific standards for determining the amount of punitive damages.

9. The procedures through which punitive damages are awarded violate the due process and equal protection clauses of the 14th Amendment of the United States Constitution and the due process clause of the Alabama Constitution by failing to require that an award of punitive damages be proportionate, or bear a reasonable relationship to the actual harm incurred.

10. The procedures through which punitive damages are awarded violate the Due Process and Equal Protection Clauses of the 14th Amendment of the United States Constitution and the Due Process Clause of the Alabama Constitution by failing to provide mitigating factors for the jury's consideration in awarding punitive damages.

11. Any award of punitive damages in this lawsuit would constitute a deprivation of property without due process of law as required under the 5th and 14th Amendments of the United States Constitution and the due process clause of the Alabama Constitution.

12. The procedures pursuant to which punitive damages are awarded violate the due process clauses of the 5th and 14th Amendments of the United States Constitution and the due process clause of the Alabama Constitution by permitting punitive damages that exceed the statutory limit established by the Alabama Legislature.

13. To the extent that the demand for punitive damages imposes multiple punitive damage awards for the same act or omission of a defendant:

    a. Such an award violates the due process clause of the 14th Amendment of the United States Constitution and the due process clause of the Alabama Constitution; and

    b. Such an award violates the protection against double jeopardy guaranteed by the 5th Amendment of the United States Constitution and by the Alabama Constitution; and

    c. Such an award violates the 14th Amendment of the United States Constitution and the due process clause of the Alabama Constitution by encroaching on the defendant's right to due process and open access to the court system.

14. The imposition of punitive damages on the basis of vicarious liability violates the 5th, 8th, and 14th Amendments to the United States Constitution.

15. The procedures through which punitive damages are awarded are unconstitutionally vague.

16. Pursuant to Alabama Code, 1975 §§ 6-11-20, et. seq, a punitive damage award cannot exceed $250,000, and the Alabama Supreme Court's 1993 declaration that this

statutory limitation is unconstitutional violated the separation of powers clause of the United States Constitution and the Constitution of the State of Alabama.

17.    Any award of punitive damages in this lawsuit is subject to all standards and limitations provided by Green Oil Co. v. Hornsby, 539 So.2d 218 (Ala. 1989), Gore v. BMW of North America, Inc., 116 S.Ct. 1589 (1996), Foremost Insurance Co. v. Parham, 693 So.2d 409 (Ala. 1997), and Cooper Industries, Inc. v. Leatherman Tool Group, 532 U.S. 424, 121 S.Ct. 1678, 149 L.Ed.2d 674 (2001).

18.    Punitive damages cannot be awarded to a party who does not meet the evidentiary standards provided by Alabama Code, 1975 §§ 6-11-20 and 12-21-12.

19.    This Defendant denies any conduct that would entitle the plaintiff to recover punitive damages.

RESPECTFULLY SUBMITTED, this the 13th day of April, 2006.

_____
ALEX L. HOLTSFORD, JR. (HOL048)
RICK A. HOWARD (HOW045)
APRIL M. WILLIS (WIL304)
Attorneys for Curt Campbell

OF COUNSEL:
Nix Holtsford Gilliland
        Higgins & Hitson, P.C.
P.O. Box 4128
Montgomery, AL 36103-4128
(334) 215-8585

## CERTIFICATE OF SERVICE

I hereby certify that I have this day sent by mail, postage prepaid, an exact copy of the foregoing document to:

Jay Lewis
Andy Nelms
847 S. McDonough Street
Montgomery, Alabama 36104

This the 13th day of April, 2006.

_____
OF COUNSEL