IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| J.S., (a minor child by and through his father and next friend, John Searight),<br><br>　　　Plaintiff,<br><br>vs.<br><br>Officer Curt Campbell, in his individual capacity,<br><br>　　　Defendant. | Civil Case No. 02:05-cv-928-T |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant, Curt Campbell, and submits the following brief in reply to Plaintiff's response to Defendant's Motion for Summary Judgment:

**I.　PLAINTIFF FAILS TO PRODUCE SUBSTANTIAL EVIDENCE TO DEFEAT OFFICER CAMPBELL'S ENTITLEMENT TO QUALIFIED IMMUNITY AS TO PLAINTIFF'S CONSTITUTIONAL CLAIMS**

In Plaintiff's Response to Defendant's Motion for Summary Judgment, he asserts that his Constitutional claims are three-fold: (1) that Defendant violated his First Amendment to free speech; (2) that "he was unlawfully arrested due to a lack of probable cause"; and (3) that the Defendant used excessive force. (Doc. 30, p. 5). Plaintiff admits that, if applicable, qualified immunity would serve to protect Officer Campbell from all liability in this lawsuit, and that "[q]ualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." (Doc. 30, p. 6). Plaintiff further admits that the Defendant was acting within his discretionary capacity at all times relevant to this lawsuit. (Doc. 30, p. 7). Plaintiff only denies that

qualified immunity applies in this case. However, Plaintiff fails to produce substantial evidence to show that such immunity would not apply.

Qualified immunity applies unless application of the standard would inevitably lead every reasonable officer in the position of the defendant officer to conclude the force was unlawful. *Nolin v. Isbell*, 207 Fo. 3d 1253, 1255 (11th Cir. 2000). See also *Post v. City of Fort Lauderdale*, 7 F. 3d 1552, 1559-60 (11th Cir. 1993)(holding that, while there was no more need for force after the defendant had been placed in a choke-hold and handcuffed, the fact that he was pushed into a wall did not make the force unlawful and, therefore, the officer involved was entitled to immunity).

### A.   Probable Cause[1]

In the context of an alleged Fourth Amendment violation, qualified immunity applies whenever there was <u>arguable</u> probable cause for a search or seizure, even if actual probable cause did not exist. *Jones v. Cannon*, 174 F.3d. 1271, 1285 n. 3 (11th Cir. 1999). Arguable probable cause, not the higher standard of actual probable cause, governs the qualified immunity analysis. Arguable probable cause exists if, under all the facts and circumstances, an officer reasonably could - - not necessarily would - - have believed that probable cause was present. *Durruthy v. Pastor*, 351 F.3d. 1080, 1089 (11th Cir. 2003). Thus, "even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity." *Hunter v. Bryant*, 502 U.S. 224, 228 (1991).

In the present case, even if the officer did not have actual probable cause for the seizure, an officer may, consistent with the Fourth Amendment, effect such a seizure or an investigatory stop

---

[1] While Plaintiff claims that he was "unlawfully arrested due to a lack of probable cause" (Doc. 30, p. 5), it is undisputed that Plaintiff was <u>not</u> arrested by Officer Campbell.

2

when the officer has reasonable, articulable suspicion that criminal activity is afoot. *Illinois v. Wardlow*, 528 U.S. 119 (2000). Officer Campbell saw with his own eyes the obscene gesture made in his direction by Plaintiff, and Plaintiff does not dispute that he made the gesture in a public place. Alabama Code 1975 Section 13A-11-7 makes it a crime to "make an obscene gesture" in a public place "with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof". *Id.* Plaintiff claims that "the Defendant's motion relies upon the assertion that all obscene gestures are a crime in Alabama". (Doc. 30, p. 8). Plaintiff further claims that "Defendant ignores (a)'s requirement that such an act be done with the 'intent'" [necessary to constitute a crime under the statute]. (Doc. 30, p. 9). This is not the case. No arrest was made under this statute. For purposes of the officer's investigation into Plaintiff's actions, at the time the Defendant approached Candy Man, the intent was irrelevant. While no arrest was eventually made, Officer Campbell's seeing the obscene gesture certainly gave him arguable probable cause to stop and investigate further. Campbell had objective reason to believe that Plaintiff had committed a crime and his actions warranted at least a brief detention.

The undisputed material facts do not show that Officer Campbell's actions were objectively unreasonable under the Fourth Amendment, or so unreasonable that an officer faced with Campbell's situation would have inevitably believed the force used was unlawful. Plaintiff relies on *U.S. v. Chanthasouxat*, 342 F. 3d 1271 (11th Cir. 2003), asserting the proposition that "a law enforcement officer may not rely upon a mistake of law to create probable cause to effectuate an arrest." Defendant does not dispute this proposition. However, Plaintiff's reliance on this case in support of his own is misplaced, as (1) *Chanthasouxat* does not address arguable probable cause; and (2) there was no arrest made by Officer Campbell. Accordingly, Plaintiff has failed to show why this

Defendant is not entitled to qualified immunity as to Plaintiff's Fourth Amendment claim.

**B.     First Amendment**

Officer Campbell is also entitled to qualified immunity as to Plaintiff's First Amendment claim. Plaintiff claims that Officer Campbell's actions as a police officer in stopping, approaching him, restraining him, and handcuffing him violated his First Amendment rights because he was only exercising "his right under the First Amendment to express himself". (Amended Complaint, paragraph 20). Defendant acknowledged in its brief that the criminal courts of this state have held that evidence of simply making an obscene gesture toward a police officer, without more, is insufficient to find a criminal defendant guilty of disorderly conduct under the Alabama statute, the statute still reads to prohibit such gestures. *H.N.P. v. State*, 854 So. 2d 630 (Ala. Crim.App. 2003)[2]. However, this does not affect the argument that Officer Campbell had arguable probable cause to stop and investigate Plaintiff's actions. Accordingly, he is entitled to qualified immunity as to Plaintiff's First Amendment claim.

In *Gold v. City of Miami*, 121 F. 3d 1442 (11th Cir. 1997), police officers arrested the plaintiff for disorderly conduct after plaintiff had stated in the officers' presence that "Miami police don't do shit". *Id.* at 1444. Plaintiff sued for violation of his First, Fourteenth, and Fourth Amendment rights. While the Court held that the officers did not have actual probable cause to arrest plaintiff under Florida's disorderly conduct statute, the Court held that the officers nonetheless were entitled to qualified immunity, which "gives ample room for mistaken judgments...".*Gold,* at 1446.

---

[2] Plaintiff makes much of *H.N.P. v. State* to argue the lawfulness of his actions. However, *H.N.P.* was a criminal appeal, only addresses the eventual determination with regard to the legality of H.N.P.'s actions, and therefore does not address immunity of the officers involved for liability in a civil suit.

4

Plaintiff does not even address *Gold* in his response to Defendant's Motion for Summary Judgment. He claims, instead, that *Cohen v. California*, 403 U.S. 15 (1971) demonstrates that even "distasteful" speech is protected. However, *Cohen* is inapplicable to the issues in this case, and, in particular, the issue of immunity. *Gold* involved facts similar to the case at hand, and the *Gold* Court expressly found that the officers were entitled to immunity, even in light of the officers' mistaken judgment. Here, it is equally clear that Officer Campbell is entitled to qualified immunity. Like the officers in *Gold*, Officer Campbell certainly had arguable probable cause to stop and investigate the Plaintiff on disorderly conduct charges. Thus, Officer Campbell is entitled to summary judgment on Plaintiff's First Amendment claim.

**C.      Excessive Force**

Plaintiff asserts that Defendant makes no attempt to dispute the use of force at issue. This is a misrepresentation of Defendant's argument. Defendant noted that it certainly does dispute Plaintiff's claims regarding the force used, but for the purposes of its Brief, Defendant only relied upon facts that were uncontested by Plaintiff. It is Defendant's position that the uncontested material facts, even in the light most favorable to Plaintiff, show a clear entitlement to immunity from Plaintiff's claims.

Unless a controlling and factually similar case declares the official's conduct unconstitutional, an excessive force plaintiff can overcome qualified immunity only by showing that the official's conduct lies so obviously at the very core of what the Fourth Amendment prohibits that the unlawfulness of the conduct was readily apparent to the official, notwithstanding the lack of caselaw. *Smith v. Mattox*, 127 F. 3d 1416, 1419 (11th Cir. 1997) (citations omitted). Plaintiff has failed to overcome that hurdle in this case, and his claim is due to be dismissed.

5

II. **PLAINTIFF'S CLAIMS UNDER STATE LAW ARE LIKEWISE DUE TO BE DISMISSED**[3]

Plaintiff's state law claims are also due to be dismissed as Defendant is entitled to discretionary function immunity.

*Ala. Code* § 6-5-338 provides, in pertinent part, as follows:

> (a) Every peace officer, except constables, who is employed or appointed pursuant to the Constitution or statutes of this state, whether appointed or employed as such peace officer by the state or a county or municipality thereof, or by an agency or institution, corporate or otherwise, created pursuant to the Constitution or laws of this state and authorized by the Constitution or laws to appoint or employ police officers or other peace officers, and whose duties prescribed by law, or by the lawful terms of their employment or appointment, include the enforcement of, or the investigation and reporting of violations of, the criminal laws of this state, and who is empowered by the laws of this state to execute warrants, to arrest and to take into custody persons who violate, or who are lawfully charged by warrant, indictment, or other lawful process, with violations of, the criminal laws of this state, shall at all times be deemed to be officers of this state, *and as such shall have immunity from tort liability arising out of his or her conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties.*

> (b) This section is intended to extend immunity only to peace officers and governmental units or agencies authorized to appoint peace officers....

---

[3] Plaintiff asserts in his Brief that he has brought claims under state law against the Defendant on theories of negligence, *trespass*, and assault. However, Plaintiff unambiguously clarified in his Amended Complaint (Motion to Amend Complaint, Doc. 17) that any claim of trespass raised in the original Complaint was thereby withdrawn, deleted and abandoned. Accordingly, Defendant did not address that claim in his Motion for Summary Judgment and will not address that claim here.

6

*Ala. Code* § 6-5-338 (emphasis added).

To apply discretionary function immunity, a court must first determine whether the police officer was performing a discretionary function when the alleged wrong occurred. If so, the burden shifts to the plaintiff to demonstrate that the defendant acted in bad faith, with malice or willfulness in order to deny him immunity. *Scarbrough v. Myles*, 245 F. 3d 1299, 1303 n.9 (11th Cir. 2001) (alteration in original)(applying Alabama law and quoting *Sheth v. Webster*, 145 F. 3d 1231, 1239 (11th Cir. 1998) (per curiam).

While Plaintiff states that Defendant "fails to show how his action qualifies as a discretionary public function", Plaintiff *admits* that Defendant was acting within his discretionary capacity. (Doc. 30, p. 7). Plaintiff has not shown any evidence of the malice, willfulness, or bad faith required to overcome the immunity granted by the statute. Therefore, Officer Campbell is entitled to immunity and Plaintiff's state law claims are due to be dismissed.

Plaintiff's reliance on *Phillips v. Thomas*, 555 So. 2d 81, 83 (Ala. 1989) is also misplaced. The analysis of that case in Plaintiff's brief is wholly irrelevant, as the *Phillips* opinion dealt with absolute immunity of state agents, which is not at issue here. The *Phillips* Court only addressed qualified immunity in the limited context of defining ministerial acts of governmental employees. Here, Plaintiff admits that Officer Campbell was acting in his discretionary capacity; therefore, Defendant is entitled to qualified immunity. See *Ex parte Kelley*, 739 So. 2d 1095, 1098 (Ala. 1999) (distinguishing *Phillips* in cases involving discretionary actions).

## III. CONCLUSION

There is no material factual evidence to support Plaintiff's claims asserted under state or federal law. Even if such evidence did exist, Officer Campbell is entitled to qualified and

discretionary function immunity. Plaintiff has failed to rebut Defendant's well-supported Motion for Summary Judgment with substantial evidence to show that Defendant is not entitled to immunity. As there is no dispute of material fact and the Defendant is entitled to judgment as a matter of law, summary judgment is due to be granted in favor of Defendant as to each claim brought by the Plaintiff in this action.

Respectfully submitted this the 17th day of July, 2006.

/s/ Rick A. Howard
ALEX L. HOLTSFORD, JR. (HOL048)
RICK A. HOWARD (HOW045)
APRIL W. McKAY (WIL304)
Attorneys for Curt Campbell

OF COUNSEL:
Nix Holtsford Gilliland
    Higgins & Hitson, P.C.
P.O. Box 4128
Montgomery, AL 36103-4128
(334) 215-8585

## CERTIFICATE OF SERVICE

I hereby certify that I have this day sent by mail, postage prepaid, an exact copy of the foregoing document to:

Jay Lewis
Andy Nelms
847 S. McDonough Street
Montgomery, Alabama 36104

This the 17th day of July, 2006.

/s/ Rick A. Howard
OF COUNSEL