IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| J.S., (a minor child by and through his father and next friend, John Seawright), | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 2:05-cv-928-WKW (WO) |
| Officer Curt Campbell, in his individual capacity, | ) ) ) | |
| Defendant. | ) | |

**ORDER ON PRETRIAL HEARING**

A pretrial hearing was held in this case on September 22, 2006, wherein the following proceedings were held and actions taken:

**1.    PARTIES AND TRIAL COUNSEL**:

Plaintiff: J.S., by and through his father and next friend, John Searight

Plaintiff's Counsel: Jay Lewis and Andy Nelms

Defendant: Officer Curt Campbell

Defendants' Counsel: Rick A. Howard and April W. McKay

**COUNSEL APPEARING AT PRETRIAL HEARING**:

_____Same as trial counsel

**2.    JURISDICTION AND VENUE:**

_____There is no contest as to the jurisdiction of this Court or as to the correctness of the venue.

**3.**   **PLEADINGS:** The following pleadings and amendments were allowed:

    Plaintiff's Complaint
    Defendant's Answer
    Amended Complaint
    Answer to Amended Complaint

**4.**   **CONTENTIONS OF THE PARTIES:**

    **(a) The Plaintiff**:

On May 15, 2005, Plaintiff J.S. engaged in expressive conduct in that he displayed a rude hand gesture toward the defendant as the defendant drove past in his police car. The defendant continued to the end of the road, turned around, drove back to where Plaintiff was standing, parked his car, and got out. The defendant walked over to Plaintiff and told him that "somebody" was going to hurt him. The defendant added, "don't open your mouth any more."

As Plaintiff attempted to walk away, the defendant grabbed him and tried to handcuff him. Plaintiff pulled his hand away, whereupon the defendant grabbed him around the neck and said, "watch out, boy; I'll put you to sleep." The defendant choked Plaintiff until he was semi-conscious or unconscious. After Plaintiff quit moving, the defendant released his neck and handcuffed him.

The defendant eventually released Plaintiff to the custody of his parents. Plaintiff sought medical attention later that day for injuries caused by the defendant's seizure of his person.

Plaintiff had committed no crime at the time the defendant laid hands on him.

At all times material hereto, the defendant was acting as a law enforcement officer pursuant to State statute and the ordinances, customs, and policies of the Fort Deposit Police Department.

Plaintiff had a protectible interest in his freedom under the First Amendment to the United States Constitution. He had a right under the First Amendment to express himself. He further had

a right under the Fourth Amendment to the United States Constitution to be secure in his person against unreasonable searches and seizures and to be free from the use of unreasonable and excessive force.

The aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

Any reasonable officer knows or should know that the aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

Defendant without justification deprived Plaintiff of his First Amendment right to free speech. Further, Defendant assaulted and battered Plaintiff without justification of any sort and subjected him to unreasonable and excessive force in violation of the Fourth Amendment to the United States Constitution. The purpose of the assault and battery was to punish Plaintiff without according him due process of law.

Plaintiff's rights under the First and Fourth Amendments were thus impermissibly abridged and violated.

The aforesaid conduct proximately caused damage to Plaintiff in that it caused him to experience pain, suffering, embarrassment, humiliation, extreme mental anguish and severe emotional distress.

The aforementioned conduct by Defendant constituted negligent behavior in that Defendant owed a duty to Plaintiff to conduct himself in such a way as to avoid harming Plaintiff.

In engaging in the conduct he did, as more fully set forth and described herein, Defendant was neglectful, careless, and unskillful as compared to reasonable law enforcement officers.

Defendant negligently assaulted and battered Plaintiff.

The said negligent conduct was the proximate cause of injuries to Plaintiff in that Plaintiff was subjected to physical pain and suffering and great emotional distress and mental anguish.

Plaintiff has been injured and damaged as a direct and proximate result of Defendant's conduct. On the date and at the time of the conduct made the subject of this action, the defendant touched Plaintiff in rudeness, in anger, or in a hostile manner, by touching his person. Plaintiff suffered damages as otherwise herein described as a direct and proximate result of the assault and battery by the defendant.

The defendant is not entitled to relief under qualified immunity, sovereign immunity, peace officer immunity, statutory immunity, discretionary function immunity, executive immunity or any other brand of immunity.

Plaintiff is entitled to a declaratory judgment that the policies and practices complained of herein are unlawful and violative of the First and Fourth Amendments to the United States Constitution, as addressed by and through 42 USCA § 1983. Plaintiff is also entitled to compensatory damages in the amount of $500,000.00; punitive damages in the amount of $500,000.00; the cost of this action including reasonable attorneys' fees; and such other, further and different relief as this Court may deem just and proper, including all equitable relief available.

**(b) The Defendant**:

On May 15, 2005, Officer Campbell was patrolling in an area near the Plaintiff's house. As Officer Campbell drove the Plaintiff's neighborhood, the Plaintiff shot him a bird with both hands. Officer Campbell parked his automobile and walked over to the Plaintiff and told him this behavior was inappropriate. Officer Campbell placed his hands on the Plaintiff's shoulder, and the Plaintiff jerked away and took a swing at Officer Campbell, hitting Officer Campbell's face. Officer

Campbell caught the Plaintiff's arm and put it behind his back and sat the Plaintiff down to the ground. The Plaintiff continued to struggle, and Officer Campbell placed Plaintiff in handcuffs. The Plaintiff had a habit of defying authority and generally disturbing the peace.

Immediately after the Plaintiff was placed in handcuffs, his father came to the scene of the incident near the Plaintiff's home. The Plaintiff's father asked what was happening, and Officer Campbell responded. The Plaintiff's mother then came out of the house to the scene and began shouting. The Plaintiff's father slapped the Plaintiff's mother and told her to go back in the house. Also, before this matter was at a conclusion, the Plaintiff's father had slapped the Plaintiff in the face, thus causing the Plaintiff's injuries, if any. As Officer Campbell was discussing the incident with the Plaintiff's father, a neighbor came out of her house and told the Plaintiff's father that the Plaintiff was causing trouble, and completely verified Officer Campbell's version of events.

Officer Campbell ultimately released the Plaintiff into the custody of his father. At this time, there were no apparent problems, and the Plaintiff stood by his mother cursing Officer Campbell. Officer Campbell was called to another location to resolve a domestic dispute. While in route from that incident, Officer Campbell heard a request for an ambulance at the Plaintiff's address. Because he was involved in this matter, he asked another officer with Fort Deposit to go to the scene. When the ambulance arrived, the ambulance driver did not see any problems with the Plaintiff. However, the Plaintiff's parents were insistent that he be taken to the hospital.

Plaintiff's complaint states a cause of action for assault and battery, and negligence or wantonness under state law, a Fourth Amendment excessive force claim and a violation of his rights to free speech and expression under the First Amendment. The only defendant in this suit is Officer Campbell. It is the Defendant's position that Officer Campbell had arguable probable cause to

approach, and then restrain, Plaintiff. Further, Officer Campbell's actions were reasonable in light of the information that he had at the time of his actions. Thus, Officer Campbell is entitled to both qualified and discretionary function immunities. Finally, Officer Campbell is not liable for a First Amendment violation because it is subsumed into Plaintiff's Fourth Amendment claim.

5.   **STIPULATIONS BY AND BETWEEN THE PARTIES:**

The parties stipulate to the following facts:

This case arises from an incident or altercation occurring on May 15, 2005, between J.S. and Town of Fort Deposit policeman Officer Curt Campbell, which was instigated by the minor's use of obscene gestures as the officer patrolled the area in which Plaintiff resided. Officer Campbell approached the Plaintiff and the altercation ensued. Following the incident, J.S. was released to the custody of his parents.

6.   **ORDER OF THE COURT**

It is hereby ORDERED that:

a.   The jury selection for this case is set for November 6, 2006, at 10:00 a.m. at the United States Courthouse, in Courtroom 2-E, in Montgomery, Alabama.

b.   The trial in this case will commence the week of November 6, 2006, and will take one day.

c.   A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term.

d.   The parties shall file any motions in limine, fully briefed, on or before October 23,

2006.

e. The parties shall file any requested voir dire questions, motions in limine fully briefed, and any proposed jury instructions and verdict forms with legal citations thereon, on or before October 23, 2006.

f. The jury will consist of eight jurors. Each party is entitled to four strikes. There will be no back striking.

g. The parties are not required to file trial briefs, but if they choose to do so, the briefs shall be filed on or before October 30 2006.

h. If either party intends to call a witness who is currently incarcerated, that party must notify the Court at least 10 days before trial.

i. Each party shall submit at the time of trial, for use by the court (the judge, law clerk, and courtroom deputy), three copies of the witness list, exhibit list, and notebook of pre-marked exhibits.

j. Each party shall submit a sufficient number of copies of exhibits for each of the jurors and opposing counsel.

k. The parties shall review and comply with the Middle District of Alabama's Order on the E-Government Act.

l. All deadlines not otherwise affected by this order will remain as set forth in the Uniform Scheduling Order (Doc. # 14) entered by the Court on December 7, 2005.

m. The parties have indicated that there are no other disputes at this time. All understandings, agreements, deadlines, and stipulations contained in this Order

shall be binding on all parties unless modified by the Court.

DONE this the 27th day of September, 2006.

                                      /s/   W.  Keith Watkins
                            UNITED STATES DISTRICT JUDGE