IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| J. S. (a minor child, by and through his father and next best friend, John Seawright), | * * * * | |
| v. | * | Civil Case No. 2:05-cv-928-W |
| | * | |
| Officer Curt Campbell, in his individual capacity, Defendant. | * * * | |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

COMES NOW Plaintiff to submit the attached _____8_____ Jury Instructions, and would request that the court charge the Jury in accordance therewith.

RESPECTFULLY SUBMITTED on this the __23rd___ day of October, 2006.

/s/ ANDY NELMS
Andy Nelms
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
Email: andynelms@jaylewislaw.com
ASB-6972-E63K
One of the Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the below named parties or attorneys on this _23rd__ day of October, 2006.

Alex L. Holtsford, Jr.
Rick A. Howard
April Willis

/s/ ANDY NELMS
Andy Nelms
Law Offices of Jay Lewis, LLC

        P.O. Box 5059
        Montgomery, AL 36103
        (334) 263-7733 (Voice)
        (334) 832-4390 (Fax)
        Email: andynelms@jaylewislaw.com
        ASB-6972-E63K
        One of the Attorneys for Plaintiff

## **Jury Instruction # 1**

_____In this case, the Minor Child claims that the Defendant, while acting "under color" of state law, intentionally deprived him of his rights under the Constitution of the United States.

Specifically, the Minor Child claims that while the defendant was acting "under color" of authority of the State of Alabama as officers of the City of Fort Deposit, he intentionally violated Plaintiff's constitutional rights to be free from arrest without probable cause and to be free from the use of excessive force.

Under the Fourth Amendment to the Constitution of the United States, every citizen has the right not to be subjected to arrest and prosecution without probable cause. Likewise, every citizen has the right not to be subjected to the use of excessive and unreasonable force.

The law further provides that a person may sue in this Court for an award of money damages against anyone who "under color" of any state law or custom, intentionally violates his or her rights under the Constitution of the United States.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

1. That the Defendant intentionally committed acts that violated the Plaintiff's federal constitutional right not to be arrested or prosecuted without probable cause and his constitutional right not to be subjected to unreasonable or excessive force;
2. That in so doing the Defendant acted "under color' of the authority of the State of Alabama; and
3. That the Defendant's acts were the proximate or legal cause of damages sustained by the Plaintiff.

Source: Committee's Pattern Jury Instructions, Civil Cases, Eleventh Circuit (1999 revision).

Given_____                                                                 Denied_____

## Jury Instruction # 2

_____A state or local official acts "under color" of the authority of the state not only when the official acts within the limits of lawful authority, but also when the official acts without or beyond the bounds of lawful authority.  In order for unlawful acts of an official to be done "under color" of state law, however, the unlawful acts must be done while the official is purporting or pretending to act in the performance of official duty; that is, the unlawful acts must be an abuse or misuse of power which is possessed by the official only because of the position held by the official.

Here, it is undisputed that the defendants were acting "under color" of law.

Source: Committee's Pattern Jury Instructions, Civil Cases, Eleventh Circuit (1999 revision).

Given_____                                                                                           Denied_____

## Jury Instruction # 3

In this case, Minor Child claims that the defendant violated his rights when he arrested him and falsely imprisoned him without probable cause to believe that a crime had been committed.

With respect to the false arrest / false imprisonment claim, the Plaintiff must prove to your reasonable satisfaction the following things:

1. That he was arrested by one or more of the defendants, in that he was detained for any length of time during which he was deprived of his personal liberty.
2. That he was arrested without a warrant or that he was detained prior to the issuance of a warrant.
3. That there was no probable cause to believe that a crime had been committed.
4. That he was damaged as a result.

Probable cause is defined as an objectively reasonable ground for suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious person's believe that a person accused is guilty of the offense charged.

Proceedings may be considered to have been terminated if an accused person is acquitted in a court of law.

Sources: § 6-5-170, Code of Alabama 1975 (false arrest); *Eidson v. Olin Corp.*, 527 So.2d 1283 (Ala. 1988)(elements of malicious prosecution); *Empiregas, Inc. V. Feely*, 524 So.2d 626 (Ala. 1988)(definition of malice); *National Sec. Fire & Cas. Co. v. Bowen*, 447 So.2d 133, 140 (Ala. 1983)(malice in criminal prosecutions); *Eidson*, 527 So.2d at 1285 (definition of probable cause); *Gulf States Paper Corp. v. Hawkins*, 444 So.2d 381, 388 (Ala. 1983)(grand jury no-bill as termination of proceedings).

Given _____                                              Denied_____

## Jury Instruction # 4

If you should find for the Plaintiff and against the Defendant, you must then decide the issue of the Plaintiff's damages. For damages to be the proximate or legal result of a constitutional deprivation, it must be shown that, except for that constitutional deprivation, such damages would not have occurred.

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just, and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury–tangible and intangible. Thus, no evidence of the value of such intangible things as physical or emotional pain and mental anguish has been or need be introduced. In that respect, it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:
   i.   The reasonable value of any property lost or destroyed during, or as a result of, the Defendant's unconstitutional acts;
   ii.  The reasonable costs of medical care and hospitalization;
   iii. Physical or emotional pain and mental anguish;
   iv.  Punitive damages, if any.

Alternatively, nominal damages may be awarded if you find Plaintiff's rights have been violated but that he cannot prove any actual damages. *Slicker v. Jackson,* 215 F. 3d 1225, 1231-32 (11th Cir. 2000).

Source: Committee's Pattern Jury Instructions, Civil Cases, Eleventh Circuit (1999 revision).

Given_____                                                                                        Denied_____

## Jury Instructions # 5

  The Minor Child also claims that the acts of the Defendant were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle him to an award of punitive damages in addition to compensatory damages.

  If you find for the Plaintiff, and if you further find that the Defendant did act with malice or reckless indifference to the Plaintiff's federally protected rights, the law would allow you, in your discretion, to assess damages against the Defendant as punishment and as a deterrent to others.

Source: Committee's Pattern Jury Instruction, Civil Cases, Eleventh Circuit (1999 revision).

Given\_\_\_\_\_                     Denied\_\_\_\_\_

## Jury Instruction # 6

Alabama state law also provides for the awarding of punitive or exemplary damages. Punitive or exemplary damages allow money recovery to the Plaintiff by way of punishment to the defendant, and for the added purpose of protecting the public by deterring the defendant and others from doing such wrong in the future. The imposition of punitive damages is entirely discretionary with the jury. Should you award punitive damages, in fixing the amount, you must take into consideration the character and degree of the wrong as shown by the evidence in the case, and the necessity of preventing similar wrongs.

For a plaintiff to be entitled to recover punitive damages the Plaintiff must prove by clear and convincing evidence that the defendants consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff.

Clear and convincing evidence means evidence that, when weighed against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion. (Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence or the substantial weight of the evidence, but less than beyond a reasonable doubt.)

Oppression means subjecting a person to cruel and unjust hardship in conscious disregard of that person's rights.

Fraud means an intentional misrepresentation, deceit, or concealment of a material fact the concealing party had a duty to disclose, which was gross, oppressive or malicious and committed with the intention on the part of the defendant of thereby depriving a person or entity of property or legal rights or otherwise causing injury.

Wantonness means conduct which is carried on with a reckless or conscious disregard of the rights or safety of others.

Malice means the intentional doing of a wrongful act without just cause or excuse, either:

A. With an intent to injure the person or property of another person or entity, or

B. Under such circumstances that the law will imply an evil intent.

Source: Alabama Pattern Jury Instructions.

Given_____                                                              Denied_____

## Jury Instruction # 7

      The Defendant is also alleged to have committed an act of assault and battery upon the Plaintiff. Alabama law provides that any touching by one person of the person or clothes of another in rudeness, or in anger, or in a hostile manner, is an assault and battery. An intent to injure is not an essential element.

      The plaintiff has the burden of reasonably satisfying you by the evidence that the defendant committed an assault and battery upon him.

SOURCE: Alabama Pattern Jury Instructions: Chapter 5.00.


Given\_\_\_\_\_                                                                          Denied\_\_\_\_\_

## Jury Instruction # 8

The Defendant is also alleged to have been negligent in his treatment of the Plaintiff. Alabama law provides that negligence means the failure to exercise reasonable care; that is, such care as a reasonably prudent person would have exercised under the same or similar circumstances. Therefore, "negligence" is the failure to do what a reasonably prudent person would have done under the same or similar circumstances, or, the doing of something which a reasonably prudent person would not have done under the same or similar circumstances. If you are reasonably satisfied from the evidence that the defendant was negligent and that the defendant's negligence proximately caused the alleged injury, then your verdict must be for the plaintiff; however, if you find that the defendant was not negligent or if you find that the defendant's negligence was not the proximate cause of the plaintiff's injury, then your verdict must be for the defendant.

SOURCE: Alabama Pattern Jury Instructions, Chapter 28.


Given_____                                              Denied_____