IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 OCT 23  P 1:56

LEORA D. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| J.S., (a minor child by and through his father and next friend, John Seawright), | * * * | |
| Plaintiff, | * * | |
| vs. | *Civil Case No. 02:05-cv-928-WKW | |
| | * | |
| Officer Curt Campbell, in his individual capacity, | * * * | |
| Defendant. | * | |

### DEFENDANT'S REQUESTED JURY INSTRUCTIONS

COMES NOW the Defendants in the above styled action and respectfully

requests the Court to give following jury instructions, in accord with Alabama law.

RESPECTFULLY SUBMITTED, this the 23rd day of Oct., 2006.

_____

ALEX L. HOLTSFORD, JR.(HOL048)
RICK A. HOWARD (HOW045)
APRIL M. WILLIS (WIL304)
Attorneys for Curt Campbell

OF COUNSEL:
Nix Holtsford Gilliland
    Higgins & Hitson, P.C.
P.O. Box 4128
Montgomery, AL 36103-4128
(334) 215-8585

## CERTIFICATE OF SERVICE

I hereby certify that I have this day sent by mail, postage prepaid, an exact copy of the foregoing document to:

Jay Lewis
Andy Nelms
847 S. McDonough Street
Montgomery, Alabama 36104

This the 23rd day of October, 2006.

OF COUNSEL

## REQUESTED JURY INSTRUCTION 1

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding

this case.

When I have finished, you will go to the jury room and begin your discussions - what

we call your deliberations.

(11th Cir. JI 1)


_____GIVEN                    _____REFUSED

## REQUESTED JURY INSTRUCTION 2

CONSIDERATION OF THE EVIDENCE
DUTY TO FOLLOW INSTRUCTIONS
NO CORPORATE PARTY INVOLVED

In deciding the case, you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

In your deliberations, you should consider only the evidence–that is, the testimony of the witnesses and the exhibits I have admitted in the record—but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

(11th Cir. JI 2.1)

_____GIVEN                            _____REFUSED

## REQUESTED JURY INSTRUCTION 3

### CREDIBILITY OF WITNESSES

Now, in saying that you must **consider** all of the evidence, I do not mean that you must **accept** all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision, you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions. Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

(11th Cir. JI 3)

_____GIVEN                                        _____REFUSED

## REQUESTED JURY INSTRUCTION 4

### IMPEACHMENT OF WITNESSES

### INCONSISTENT STATEMENT

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time, the witness said or did something, or failed to say or do something which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it was to do with an important fact or with only an unimportant detail. (11th Cir. 4.1)


_____GIVEN                              _____REFUSED

## REQUESTED JURY INSTRUCTION 5

### BURDEN OF PROOF

### WHEN ONLY PLAINTIFF HAS BURDEN OF PROOF

In this case, it is the responsibility of the Plaintiff to prove every essential part of the Plaintiff's claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

(11th Cir. JI 6.1)


_____GIVEN                                    _____REFUSED

## REQUESTED JURY INSTRUCTION 6

DUTY TO DELIBERATE WHEN ONLY THE PLAINTIFF CLAIMS DAMAGES

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges–judges of the facts. Your own interest is to seek the truth from the evidence in the case.

(11th Cir. JI 7.1)

_____GIVEN                                    _____REFUSED

## REQUESTED JURY INSTRUCTION 7

Civil Rights

42 U.S.C.§ 1983 Claims

Fourth Amendment Claim

Citizen Alleging Unlawful Arrest

Unlawful Searching/Excessive Force

In this case the Plaintiff claims that the Defendants, while acting "under color" of state law intentionally deprived the Plaintiff of the Plaintiff's rights under the Constitution of the United States.

Specifically, the Plaintiff claims that while the Defendant was acting under color of authority of the State of Alabama as a member of the Fort Deposit Police Department, he intentionally violated the Plaintiff's constitutional right [not to be seized without probable cause and to be free from the use of excessive or unreasonable force during a seizure.

Under the Fourth Amendment to the Constitution of the United States, every citizen has the right not to be seized without probable cause and not to be subjected to excessive or unreasonable force while being seized by a law enforcement officer, even though the seizure is otherwise made in accordance with the law.

The law further provides that a person may sue in this Court for an award of money damages against anyone who, "under color" of any state law or custom, intentionally violates the Plaintiff's rights under the Constitution of the United States.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:         That the Defendant intentionally committed acts that violated the

> Plaintiff's federal constitutional right not to be arrested or seized without probable cause and not to be subjected to excessive or unreasonable force during a seizure;

Second:    That in so doing the Defendant acted "under color" of the authority of the State of Alabama; and

Third:    That the Defendant's acts were the proximate or legal cause of damages sustained by the Plaintiff.

(A state or local official acts "under color" of the authority of the state not only when the official acts within the limits of lawful authority, but also when the official acts without or beyond the bounds of lawful authority. In order for unlawful acts of an official to be done "under color" of state law, however, the unlawful acts must be done while the official is purporting or pretending to act in the performance of official duty; that is, the unlawful acts must be an abuse or misuse of power which is possessed by the official only because of the position held by the official.)

(The first aspect of the Plaintiff's claim is that the Plaintiff was seized without probable cause. In that regard, you are instructed that under the law of the State of Alabama, *a police officer has the right to seize a person without a warrant whenever the officer reasonably believes that such person has committed a misdemeanor offense in the presence of the officer.*

(The second aspect of the Plaintiff's claim is that excessive force was used by the Defendants in effecting the Plaintiff's seizure. In that regard, as previously mentioned, every person has the constitutional right not to be subjected to excessive or unreasonable

force while being seized by a law enforcement officer, even though such seizure is otherwise made in accordance with the law. On the other hand, in making a lawful seizure, an officer has the right to use such force as is necessary under the circumstances to complete the seizure. Whether a specific use of force is excessive or unreasonable turns on factors such as the severity of the crime, whether the suspect poses an immediate threat, and whether the suspect is resisting or fleeing. You must decide whether the force used in making a seizure was excessive or unreasonable on the basis of that degree of force that a reasonable and prudent law enforcement officer would have applied in making the seizure under the same circumstances disclosed in this case.)

If you should find for the Plaintiff and against the Defendants, you must then decide the issue of the Plaintiff's damages. For damages to be the proximate or legal result of a constitutional deprivation, it must be shown, except for that constitutional deprivation, such damages would not have occurred.

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to the actual loss of time or money; they cover both the mental and physical aspects of injury – tangible and intangible. Thus, no evidence of the value of such intangible things as physical or emotional pain and mental anguish has been or need be introduced. In that respect, it is

not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a)     the reasonable value of any property lost of destroyed during or as a result of the Defendant's unconstitutional acts;

(b)     the reasonable cost of medical care and hospitalization;

(c)     physical or emotional pain and mental anguish;

(d)     punitive damages if any (as explained in the Court's instructions)

(The Plaintiff also claims that the acts of the Defendant were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.)

If you find for the Plaintiff and if you further find that the Defendant did act with malice or reckless indifference to the Plaintiff's federally protected rights, the law would allow you in your discretion to assess punitive damages against the Defendant as punishment and as a deterrent to others.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages.

(11th Cir. Jl 2.2, p. 158) (Modified)

_____GIVEN                              _____REFUSED

## REQUESTED JURY INSTRUCTION 8

## REASONABLENESS OF FORCE USED

A police officer may, without violating a person's constitutional rights, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot. Further, the right to make an investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it. The use of force must be judged on a case-by-case basis 'from the perspective of a reasonable officer on the scene, rather than the 20/20 vision of hindsight'. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments–in circumstances that are tense, uncertain, and rapidly evolving–about the amount of force that is necessary in a particular situation.

*Jackson v. Sauls,* 206 F. 3d 1156 (11th Cir. 2000)(internal citations omitted).

_____GIVEN                                    _____REFUSED

## REQUESTED JURY INSTRUCTION 9

A person does not have a right to forcibly resist an arrest or seizure, even if the arrest is unlawful. As long as the police officer is engaged in legitimate police activities, and not a "frolic of his own", a person arrested or seized has no right to resist such seizure, even if the officer does not have probable cause to make the seizure. *United States v. Danehy*, 680 F. 2d 1311 (11th Cir. 1982).

_____GIVEN                              _____REFUSED

## REQUESTED JURY INSTRUCTION 10

### Negligence

### Contributory Negligence Defense

In this case, the Plaintiff claims that the Defendant was negligent and that such negligence was a legal cause of damage sustained by the Plaintiff. Specifically, the Plaintiff alleges that the Defendant unreasonably seized him and utilized excessive force in making the seizure.

In order to prevail on this claim the Plaintiff must prove either of the following acts by a preponderance of the evidence:

First:      That the Defendant was "negligent"; and

Second:   That such negligence was a "legal cause" of damage sustained by the Plaintiff.

"Negligence" is the failure to use reasonable care. Reasonable care is that degree of care that a reasonably careful person would use under like circumstances. Negligence may consist either in *doing* something that a reasonably careful person would *not* do under like circumstances, or in *failing* to do something that a reasonably careful person *would* do under like circumstances.

Negligence is a "legal cause" of damage if it directly and in natural and continuous sequence produces or contributed substantially to producing such damage, so it can reasonably be said that, except for the negligence, the loss, injury or damage would not have occurred. Negligence may be a legal cause of damage even though it operates in combination with the act of another, some natural cause, or some other cause if such other cause occurs at the same time as the negligence and if the negligence contributed

substantially to producing such damage.

If a preponderance of the evidence does not support the Plaintiff's claim, then your verdict should be for the Defendant. If, however, a preponderance of the evidence does support the Plaintiff's claim, you will then consider the defense raised by the Defendant.

The Defendant contends that the Plaintiff was also negligent and that such negligence was a legal cause of the Plaintiff's own injury. This is a defensive claim and the burden of proving that claim, by a preponderance of the evidence, is upon the Defendant who must establish that the Plaintiff's own actions in any way caused or contributed to the Plaintiff's alleged injury.

If you find that the Plaintiff was also negligent and that such negligence contributed however slightly to the Plaintiff's own damages, then the Plaintiff is barred from any recovery in this action, and your verdict would be for the Defendant.

If the evidence proves negligence on the part of the Defendant that was a legal cause of damage to the Plaintiff, you should award the Plaintiff an amount of money that will fairly and adequately compensate the Plaintiff for such damage.

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury –tangible and

intangible. Thus, no evidence of the value of such intangible things as pain and suffering has been or need be introduced. In that respect, it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(A)     Medical and hospital expenses, past and future;

(B)     Mental or physical pain and anguish, past and future;

(C)     Net lost wages and benefits to the date of trial;

(D)     Net lost wages and benefits in the future [reduced to present value]

[You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages –that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

(11th Cir. JI 1.1, p. 308) (Modified)


_____GIVEN                                          _____REFUSED

## REQUESTED JURY INSTRUCTION 11

The burden is upon the Plaintiff to prove that the Defendant was negligent in this case. The law in Alabama states that the fact that an accident occurred does not prove negligence. The Plaintiff must still meet his burden of proving the other factors, besides the mere fact that an unfortunate accident occurred. *Senn v. Ala. Gas Corp.,* 619 So. 2d 1320 (Ala. 1993)*; National Biscuit Co. v. Wilson*, 256 Ala. 241, 54 So. 2d 492, 496 (1951).

_____GIVEN          _____REFUSED

## REQUESTED JURY INSTRUCTION 12

### DEFINITION AND BURDEN OF PROOF

Any touching by one person of the person or clothes of another in rudeness, or in anger, or in a hostile manner, is an assault and battery. An intent to injure is not an essential element. However, to constitute an assault and battery, the touching must be unlawful. *Wright v. Wright*, 654 So. 2d 542, 544 (Ala. 1995). A police officer has the right and privilege to touch another individual in the exercise of his duties as a police officer, and to use a certain amount of force in the exercise of that privilege, so long as the force used is reasonable. *Burton v. Waller*, 502 F. 2d 1261 (5th Cir. 1974)

The Plaintiff has the burden of reasonably satisfying you by the evidence that the defendant committed an assault and battery upon him.

APJI 5.00 (modified)

_____GIVEN                                  _____REFUSED

## REQUESTED JURY INSTRUCTION 13

GENERAL DENIAL BY DEFENDANT

The disputed issues of fact to be decided by you in this case are whether or not

Defendant's actions were negligent and the touching of the Plaintiff was unlawful, and

in rudeness, or in anger, or in a hostile manner. The burden is upon the plaintiff to

reasonably satisfy you by the evidence of the truthfulness of the matters and things

claimed by him before the plaintiff would be entitled to recover.

APJI 8.00

_____GIVEN                          _____REFUSED

**REQUESTED JURY INSTRUCTION 14**
SYMPATHY

In arriving at a verdict in this case you must not permit sympathy, prejudice or emotion to influence you.

APJI 1.12

_____GIVEN                              _____REFUSED

## REQUESTED JURY INSTRUCTION 15

### GENERAL

Compensatory or actual damages are allowed and should be awarded where the plaintiff reasonably satisfies the jury from the evidence that plaintiff has been injured or damaged as a proximate result of an act of negligence on the part of the defendant.

Punitive or exemplary damages are allowed to the plaintiff and may be awarded in the sound discretion of the jury in cases where the plaintiff proves by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff.

APJI 11.01

_____GIVEN                        _____REFUSED

## REQUESTED JURY INSTRUCTION 16

COMPENSATORY


The purpose of awarding compensatory damages is to fairly and reasonably

compensate the injured party for the loss or injury sustained. Compensatory damages

are intended as money compensation to the party wronged, to compensate him for his

injury and other damages which have been inflicted upon him as a proximate result of

the wrong complained of.

APJI 11.02




_____GIVEN                                    _____REFUSED

## REQUESTED JURY INSTRUCTION 17

### PUNITIVE

The purpose of awarding punitive or exemplary damages is to allow money recovery to the plaintiff by way of punishment to the defendant, and for the added purpose of protecting the public by deterring the defendant and others from doing such wrong in the future. The imposition of punitive damages is entirely discretionary with the jury. Should you award punitive damages, in fixing the amount, youmust take into consideration the character and degree of the wrong as shown by the evidence in the case, and the necessity of preventing similar wrongs.

For a plaintiff to be entitled to recover punitive damages the plaintiff must prove by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff.

Clear and convincing evidence means evidence that, when weighed against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion. (Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence or the substantial weight of the evidence, but less than beyond a reasonable doubt.)

Oppression means subjecting a person to cruel and unjust hardship in conscious disregard of that person's rights.

Fraud means an intentional misrepresentation, deceit, or concealment of a material fact the concealing party had a duty to disclose, which was gross, oppressive

or malicious and committed with the intention on the part of the defendant of thereby depriving a person or entity of property or legal rights or otherwise causing injury.

Wantonness means conduct which is carried on with a reckless or conscious disregard of the rights or safety of others.

Malice means the intentional doing of a wrongful act without just cause or excuse, either:

A. With an intent to injure the person or property of another person or entity, or

B. Under such circumstances that the law will imply an evil intent.

APJI 11.03

_____GIVEN                                    _____REFUSED

## REQUESTED JURY INSTRUCTION 18

SPECULATIVE

In awarding damages in any case your verdict must not be based on mere

speculation or conjecture but must be based upon the evidence and the just and

reasonable inferences shown thereby.

APJI 11.22

_____GIVEN                              _____REFUSED

## REQUESTED JURY INSTRUCTION 19

Damages can be awarded only where they are reasonably certain and not based on speculation.  Industrial Chemical v. Chandler, 547 So. 2d 812 (Ala. 1988).

The existence of damages, the cause of damages, or the amount of damages cannot rest solely on speculation.  *Crommelin v. Montgomery Ind. Telecasters*, 194 So. 2d 548 (Ala. 1967).

To be compensable, damages must be direct and reasonably certain, not remote or speculative.  *Alabama Power Co. v. APSC*, 103 So. 2d 14 (Ala. 1958).


_____GIVEN                              _____REFUSED

## REQUESTED JURY INSTRUCTION 20

When conduct other than speech is regulated, the First Amendment is violated only where the government prohibits conduct precisely because of the conduct's communicative attributes. *City of Erie v. Pap's AM*, 529 U.S. 277 (2000). The First Amendment applies to speech, and not conduct without substantial communicative intent and impact. *Smith v. Goguen*, 415 U.S. 566 (1974).

_____GIVEN                                    _____REFUSED

## REQUESTED JURY INSTRUCTION 21

ELECTION OF FOREPERSON

ELECTION OF VERDICT FORM(s)

When you go to the jury room, you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement, you will have your foreperson fill in the verdict form, date, and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at that time.

(11th Cir. JI 8.0)


_____GIVEN                              _____REFUSED