IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 OCT 23 P 1:57

| | | |
|---|---|---|
| J.S., (a minor child by and through his father and next friend, John Seawright), | * * * | |
| Plaintiff, | * * | |
| vs. | * | Civil Case No. 02:05-cv-928-WKW |
| Officer Curt Campbell, in his individual capacity, | * * * * | |
| Defendant. | * | |

## DEFENDANTS' MOTION IN LIMINE

COMES NOW the Defendant, Officer Curt Campbell, by and through the undersigned attorney, before commencement of the voir dire examination of the jury panel, and move the Court to order that counsel for Plaintiffs and their witnesses be instructed by an appropriate order of this Court to refrain from making any mention or interrogation, directly or indirectly, in any manner whatsoever, either in opening statement, questioning of witnesses, closing statements, or otherwise, concerning any matters set forth herein. Defendant states that the matters set forth below would be inadmissible as evidence for any purposes on proper and timely objections, and they have no bearing on the issues involved in this case or the right to the parties to this action. Permitting interrogation of witnesses, statements, or comments to the jury or prospective jurors or offers of evidence concerning these matters would unduly prejudice Defendant and sustaining objections to such questions, comments, or offers, would not cure the effects of such prejudice, but would rather reinforce the impact of such prejudicial matters on the jury.

The following matters are irrelevant, immaterial, prejudicial and would not be admissible as

evidence for any purpose in this cause:

1. **Evidence regarding medical expenses not proven to be reasonable and necessary**

Any mention of evidence of medical bills not authenticated and supported by expert testimony as to the treatment's reasonableness and necessity is not admissible at the trial of this matter. "Clearly, one cannot recover from loss of use without proof of the reasonableness and necessity of the claimed damages." *Hamrick v. Daniel*, 449 So. 2d 1247 (Ala. Civ. App. 1984). "Neither the reasonableness nor the amount of damages may rest upon speculation." *Crommelin v. Montgomery Independent Telecasters, Inc.*, 280 Ala. 391, 194 So. 2d 549 (1967). "Proof of an amount expended for medical treatment must include the elements of reasonableness of the charge for the service and the necessity of the treatment. *Sweet v. Foust* 419 So. 2d 260 (Ala. Civ. App. 1982).

2. **Evidence of insurance**

Defendant would also move this Honorable Court for an order excluding any and all testimony from Plaintiffs or Plaintiffs' witnesses regarding any insurance coverage which may have been possessed by Defendant or any investigation that may have been undertaken by representatives of Defendants insurance carrier as this information is substantially prejudicial to the interests of Defendant, while providing absolutely no probative value to the trial of this case, and specifically inadmissible under Rule 411 of the Federal Rules of Evidence.

3. **Evidence that Officer Campbell was charged with reckless endangerment in an unrelated incident**

Defendant would also move this Honorable Court for an order excluding any and all testimony from Plaintiffs or Plaintiffs' witnesses regarding Officer Campbell being charged with

reckless endangerment in arising from a separate, unrelated incident. The charge against Officer Campbell was dismissed. This matter is discussed in his deposition at page ___, attached hereto as Exhibit "A". Officer Campbell was not disciplined as a result of this incident. Accordingly, this information is substantially prejudicial to the interests of Defendant, while providing absolutely no probative value to the trial of this case, and is thus inadmissible under Rule 402 of the Federal Rules of Evidence.

4. **Evidence that Officer Campbell drew his weapon in the direction of an elderly woman**

Defendant would also move this Honorable Court for an order excluding any and all testimony from Plaintiffs or Plaintiffs' witnesses regarding Officer Campbell allegedly drawing his weapon on an elderly woman in a separate, unrelated incident. This matter is discussed in his deposition at page 16, attached hereto as Exhibit "A". Officer Campbell was not disciplined as a result of this incident. Accordingly, this information is substantially prejudicial to the interests of Defendant, while providing absolutely no probative value to the trial of this case, and is thus inadmissible under Rule 402 of the Federal Rules of Evidence.

5. **Evidence of allegations that Officer Campbell willingly or knowingly allowed an individual to use his gun in the commission of a crime**

Defendant would also move this Honorable Court for an order excluding any and all testimony from Plaintiffs or Plaintiffs' witnesses regarding Officer Campbell allowing his cousin to use his personal vehicle, in which he had a firearm in the rear. This matter is discussed in his deposition at page 17, attached hereto as Exhibit "A". Officer Campbell was not disciplined as a result of this incident and the Internal Affairs investigation found no wrongdoing on his part. Accordingly, this information is substantially prejudicial to the interests of Defendant, while

providing absolutely no probative value to the trial of this case, and is thus inadmissible under Rule 402 of the Federal Rules of Evidence.

6.   **Evidence that Officer Campbell was transferred from investigator to patrolman**

Defendant would also move this Honorable Court for an order excluding any and all testimony from Plaintiffs or Plaintiffs' witnesses regarding Officer Campbell being transferred from his position as an investigator to that of a patrolman. This matter is discussed in his deposition at page 20, attached hereto as Exhibit "A". The transfer occurred when a new police chief took over command; Officer Campbell was not demoted for disciplinary reasons. Accordingly, this information is substantially prejudicial to the interests of Defendant, while providing absolutely no probative value to the trial of this case, and is thus inadmissible under Rule 402 of the Federal Rules of Evidence.

WHEREFORE, the premises considered, Defendant would respectfully move this Honorable Court for an appropriate order excluding each and every one of the above referenced matters from the trial of this case.

Respectfully submitted this the 23rd of October, 2006.

/s/ Rick Howard
Alex L. Holtsford, Jr. (HOL048)
Rick A. Howard (HOW045)
April W. McKay (WIL304)
Attorneys for Defendant

OF COUNSEL:
*Nix Holtsford Gilliland Higgins & Hitson, P.C.*
Post Office Box 4128
Montgomery, AL 36103-4128
(334) 215-8585

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon:

Jay Lewis
Andy Nelms
847 S. McDonough Street
Montgomery, Alabama 36104

by placing same in the United States Mail, postage prepaid, on this the 23rd day of October, 2006.

_____
OF COUNSEL