IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 NOV -2 A 8:33
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

J.S., (a minor child by and through his father and next fried, John Seawright), *
*
*
Plaintiff, *
*
vs. * Civil Case No. 02:05-cv-928-WKW
*
Officer Curt Campbell, in his individual capacity, *
*
*
Defendant. *

DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTION TO DEFENDANT'S EXHIBIT LIST

COMES NOW Defendant, by and through counsel, and states the following as his response to Plaintiff's objection to Defendant's exhibit list:

1. Plaintiff objects to introducing into evidence the Alabama Uniform Incident/Offense Report dated May 5, 2005. This document is admissible pursuant to Rule 803(6), as a "business record", and Rule 803(8)(A), as a "public record" and is relevant to the facts that will be discussed in the trial of this matter.

2. Plaintiff objects to Defendant's introduction of records from the Montgomery Area Mental Health. These records show Plaintiff had a habit in the year prior to the incident that makes the basis of his complaint of defying authority, defying rules, and fighting, identical issues that are present in this case. Rule 406 of the Federal Rules of Evidence, habit and routine practice, provides for the admissibility of this evidence. Further, such evidence of prior incidents of violence and disregard of authority involving Plaintiff is

relevant. Courts have held that a plaintiff's aggressive, hostile behavior towards uniformed police officers was a habit, and therefore, admissible evidence when only four previous violent episodes were introduced. *Perrin v. Anderson*, 784 F.2d 1040 (10th Cir. 1986). Here, there are numerous events displaying Plaintiff's habit of reacting violently to a display of authority and involving fighting. Specifically, records from Montgomery Area Mental Health show that Plaintiff attempted to destroy items in the school counselor's office, grabbed a small child by the head, was out of control, was disrespectful to adults, fought continually, became involved in a verbal altercation with a teacher, touched a teacher inappropriately, was difficult to manage, displayed disorderly conduct and showed no remorse for his actions.[1] These documents clearly show Plaintiff's habit of disregard for rules and authority and for fighting. These are identical acts that give rise to Plaintiff's complaint filed in the above styled case. In this case, Officer Campbell will testify that Plaintiff engaged in a verbal altercation and actually hit him in the face. Plaintiff will deny these allegations. This additional evidence will support Officer Campbell's testimony and will not be too prejudicial. These documents are admissible pursuant to Rule 406 of the Federal Rules of Evidence.

The mental health records are also admissible to impeach and cast doubt on Plaintiff's father's verified interrogatory responses. Plaintiff's father stated that Plaintiff suffered mental distress as a result of the incident and infers that he is required to undergo treatment for his mental distress. These records prove that Plaintiff's alleged "mental distress" is identical to Plaintiff's "mental distress" prior to the incident involving Officer

---

[1] Defendant is awaiting confirmation regarding the specific dates of these events. Defendant is not planning to introduce events that occurred two years prior to the facts giving rise to the complaint or occurred after the event giving rise to the complaint.

Campbell.

3. Like above, records from Fort Deposit Elementary School, which include records from Lowndes County Middle School, show Plaintiff's habit of disregard of authority and rules and fighting. On April 26, 2004, Plaintiff was involved in a fight that resulted in physical blows. On April 30, 2004, Plaintiff was involved in a fight. On September 8, 2004, Plaintiff defied authority. On October 6, 2004, Plaintiff was involved in a disruptive demonstration. On November 23, 2004, Plaintiff was involved in disorderly conduct. On December 6, 2004, Plaintiff was involved in a disruptive demonstration. On February 3, 2005, Plaintiff was involved in fighting. On February 15, 2005, Plaintiff was involved in fighting. Defendant will only introduce evidence of Plaintiff's habit in the year prior to the facts giving rise to this lawsuit. In this case, Plaintiff displayed the same habit with Officer Campbell as he did at school. Officer Campbell will allege that Plaintiff ignored authority and fought following a disruptive demonstration. Records from Fort Deposit Elementary School and Lowndes County Middle School are admissible pursuant to Rule 406 of the Federal Rules of Evidence. Plaintiff also objects to these documents on the basis that they are crimes. Defendant does not intend to introduce any criminal charges that arose out of the acts described above.

These records are also admissible to impeach Plaintiff's father's expected testimony that this incident resulted in problems at school. As will be shown, Plaintiff experienced numerous problems at school prior to the incident. Also Plaintiff's father testified that Plaintiff lost two weeks of school as a result of this incident. These records show that Plaintiff frequently missed school or class because of discipline problems.

4. Plaintiff objects to documents in Defendant's initial disclosures that are not relevant. Defendant does not intend to introduce information and documents that are not relevant.

5. Plaintiff objects to the use of his response to Defendant's interrogatories. Defendant may utilize Plaintiff's response to Defendant's interrogatories because they are an admission by a party opponent and allowable by the Federal Rules of Civil Procedure and the Federal Rules of Evidence. See Rule 33 of the Federal Rules of Civil Procedure.

6. Plaintiff objects to Defendant's use of Plaintiff's more definite statement, complaint, amended complaint dated February 17, 2006, and Plaintiff's second amended complaint dated April 10, 2006. These documents contain inaccuracies. Specifically, these documents allege that Plaintiff passed out. Plaintiff's deposition testimony completely contradicts the complaints filed in this case. These documents are at least admissible because they are a prior inconsistent statement by Plaintiff.

7. Plaintiff objects to the records from Lowndes County Mental Health Center. These are the same records as the Montgomery Area Mental Health Center.

8. Lastly, Plaintiff objects to the introduction of Alabama Code § 13A-11-7. This case cannot be tried without mentioning and showing this statute to the jury. Plaintiff's interpretation that this statute requires "fighting words" before criminal penalty applies has not been endorsed or rejected by the Supreme Court of Alabama, the Eleventh Circuit, or the United States Supreme Court. The commentary to § 13A-11-7 indicates that this

section "encompasses the common law offenses of breaching the peace and disturbing the peace, as well as the use of 'fighting words.'" Without allowing the jury to see the statute as written, it can not form an opinion as to whether Plaintiff's conduct violated the statute or whether Officer Campbell's conduct was reasonable.

Alabama Code § 13A-11-7 must be introduced at the trial of this matter for at least two reasons. First, Defendant will argue that Officer Campbell had arguable probable cause to believe that the statute was violated, and actual probable cause to believe that the statute had been violated. At trial, the jury must hear evidence presented by both the Defendant and the Plaintiff before it can make any decisions regarding probable cause and the reasonableness of Officer Campbell's actions. Section 13A-11-7 requires that the offender intend to cause "public inconvenience, annoyance or alarm, or that the offender recklessly creates a risk thereof, such questions are generally matters for the finders of fact." *Smith v. City of Anniston*, 668 So. 2d 96, 98 (Ala. Cr. App. 1995). Defendant will testify that Plaintiff's actions and language in the presence of other individuals, including two minors and at least three adults, certainly violated § 13A-11-7. "The jury is then under a duty to draw permissible inferences from the circumstantial evidence presented and base its verdict accordingly." *Brandon v. State*, 542 So. 2d 1316, 1318 (Ala. Cr. App. 1989). Therefore, the Court must allow the jury to read and understand the applicable law, § 13A-11-7, so it can make an informed decision.

Second, Defendant plans to move the Court for a judgment as a matter of law pursuant to Rule 50(a) at the close of the evidence on the issue of qualified immunity and discretion function immunity. In doing so, Defendant will request that the Court issue special interrogatories to the jury regarding the facts upon which qualified immunity is based. This Defendant has the right to issue the special interrogatories because the "jury

itself decides the issues of historical fact that are determinative of the qualified immunity defense, but the jury does not apply the law relating to qualified immunity to those historical facts it finds; that is the court's duty." *Johnson v. Breeden*, 280 F.3d 1308, 1318 (11th Cir. 2002), *citing Stone v. Peacock*, 968 F. 2d 1163, 1166 (11th Cir. 1992). Defendant must include § 13A-11-7 or at least a reference to the applicable portion of this statute during trial because it is necessary for the jury to decide "the who-what-when-where-why type of historical fact issues" in this case. *Johnson*, 280 F. 3d at 1318, *citing Cottrell v. Caldwell*, 85 F. 3d 1480, 1488 (11th Cir. 1996). Defendant contends that qualified immunity applies in this case because Officer Campbell had arguable reasonable suspicion and arguable probable cause for his actions, and his actions did not exhibit malice, willfulness, or bad faith.

In order for Plaintiff to establish that qualified immunity does not apply, "the law must have earlier been developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that 'what he is doing' violates federal law." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S. Ct. 3034, 3039, 97 L. Ed. 2d 523 (1987). Plaintiff will not be able to demonstrate that qualified immunity does not apply in this case because the law regarding § 13A-11-7 is not clearly established. In order for a law to be clearly established, the law must have been addressed by decisions of the U.S. Supreme Court, the Eleventh Circuit Court of Appeals, or the Supreme Court of Alabama. *Jenkins, ex rel. Hall v. Talladega City of Board of Education*, 115 F. 3d 821, 827 n.4 (11th Cir.)(en banc), *cert. denied*, 522 U.S. 966, 139 L. Ed. 2d 315, 118 S. Ct. 412 (1997). To date, neither the U.S. Supreme Court, the Eleventh Circuit Court of Appeals, nor the Supreme Court of Alabama, have specifically addressed whether § 13A-11-7 is only violated by the use of "fighting words." Therefore, the law is

not clearly established for qualified immunity purposes.

There is one narrow exception to the rule requiring that there must be case law from the U.S. Supreme Court, the Eleventh Circuit Court of Appeals or the Supreme Court of Alabama to clearly establish the law for purposes of qualified immunity. This exception requires that the "official's conduct lies so obviously at the very core of what the constitutional or statutory provision prohibits that the unlawfulness of the conduct was readily apparent to the official, notwithstanding the lack of caselaw." *Smith v. Mattox*, 127 F. 3d 1416, 1419 (11th Cir. 1997). In order for Defendant to rebut any allegation by the Plaintiff that this exception applies, Defendant must be able to show § 13A-11-7 to the jury during trial. Alabama Code § 13A-11-7 must be utilized at the trial of this matter.

Alex L. Holtsford, Jr. (HOL048)
Rick A. Howard (HOW045)
April W. McKay (WIL304)
Attorneys for Defendants

OF COUNSEL:
Nix Holtsford Gilliland
Higgins & Hitson, P.C.
Post Office Box 4128
Montgomery, Alabama 36103-4128
334-215-8585

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the following, via United States Mail, postage prepaid, on this the 1st day of November, 2006.

Jay Lewis
Andy Nelms
847 S. McDonough Street
Montgomery, Alabama 36104

OF COUNSEL