IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| J.S., *a minor child, by and through* | ) | |
| *his father and next best friend,* | ) | |
| *John Seawright* | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:05-cv-928-WKW |
| | ) | |
| OFFICER CURT CAMPBELL, | ) | |
| *in his individual capacity,* | ) | |
| | ) | |
| Defendant. | ) | |

COURT'S INSTRUCTIONS
TO THE JURY

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

## I.  INTRODUCTORY INSTRUCTIONS

Consideration of the Evidence, Duty to Follow Instructions. In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and

common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Credibility of Witnesses. Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

Impeachment of Witnesses, Inconsistent Statement. You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact;

2

or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Discrepancies in Testimony. You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Interest of Witnesses. In determining what the true facts are from the evidence you may take into consideration any natural interest or bias a witness may have as a result of any connection with the case. You may take into consideration the interest or bias a witness may have shown while testifying. You may take into consideration the demeanor of any witness, as to whether the witness has apparently testified frankly or evasively. You may take into consideration any matter which you would in your every day affairs, in passing upon the truthfulness and accuracy of the testimony. Weigh the testimony in the light of your common observation and experience and reach a verdict that will be based upon the truth as you determine it from all of the evidence.

Inferences. You are to consider only the evidence in the case. But in your consideration of

the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from the facts which you find have been proved, such reasonable inferences as may seem justified in light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence.

Burden of Proof. In this case it is the responsibility of the Plaintiff to prove every essential part of the Plaintiff's claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

## II. CLAIMS

In this case, the Plaintiff brings five claims against the Defendant, three claims under federal law and two claims under state law. Plaintiff's first claim is that he was subjected to unlawful detention by the Defendant; the court will refer to this claim as the "unlawful detention" claim. Plaintiff's second claim is that his First Amendment right to free speech was violated; the court will refer to this claim as his "free speech" claim. Plaintiff's third claim is that he was subjected to

5

excessive force; the court will refer to this claim as his "excessive force" claim. Plaintiff's final two

claims are based on Alabama state law. He alleges that the Defendant committed an assault and

battery upon him and that the Defendant was negligent in his dealings with him. The court will refer

to these claims as the "assault and battery" claim and the "negligence" claim, respectively.

## A.    Federal Claims

Unlawful Detention: First, I will state the law for Plaintiff's claim of unlawful detention.

In this case the Plaintiff claims that the Defendant, while acting "under color" of state law,

intentionally deprived the Plaintiff of the Plaintiff's rights under the Constitution of the United

States.

Specifically, the Plaintiff claims that while the Defendant was acting under color of state

law as a member of the Police Department of the City of Fort Deposit, he intentionally violated

the Plaintiff's constitutional right not to be detained without articulable reasonable suspicion.

Under the Fourth Amendment to the Constitution of the United States, every citizen has

the right not to be detained without articulable reasonable suspicion.

The law further provides that a person may sue in this Court for an award of money

damages against anyone who, "under color" of any state law or custom, intentionally violates the

Plaintiff's rights under the Constitution of the United States.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a

preponderance of the evidence:

First:         That the Defendant intentionally committed acts that violated the

               Plaintiff's federal constitutional right not to be detained without articulable

               reasonable suspicion;

Second:      That in so doing the Defendant acted "under color" of state law; and

Third:      That the Defendant's acts were the proximate or legal cause of damages sustained by the Plaintiff.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

In this case the parties have stipulated or agreed that the Defendant acted "under color" of state law and you should, therefore, accept that fact as proven.

It is undisputed that the Defendant detained the Plaintiff. You must determine when the Defendant detained the Plaintiff, and whether the Defendant had articulable reasonable suspicion to detain the Plaintiff at that time. The defendant detained the Plaintiff at the point in time at which he exerted a show of authority that communicated to the Plaintiff that his liberty was restrained, meaning he was not free to leave. A show of authority can be in several forms, such as some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled.

Once you have determined at what point, defendant detained the Plaintiff, you must determine whether the Defendant had articulable reasonable suspicion An officer may, consistent with the Fourth Amendment, detain a person when the officer has a articulable reasonable suspicion that criminal activity is afoot. Articulable reasonable suspicion requires a showing considerably less than preponderance of the evidence. The Fourth Amendment requires at least a minimal level of objective justification for making the detention. You are to determine that justification based on the facts available to the officer at the moment of the detention and decide whether those facts warrant a police officer of reasonable caution in the belief that criminal

activity is afoot and the detention appropriate.

Under the law of Alabama, a police officer has a right to detain a person without a warrant whenever the officer reasonably believes that such person has committed a misdemeanor offense in the presence of the officer.

First Amendment Claim: Second, I will state the law for Plaintiff's free speech claim. Specifically, the Plaintiff claims that while the Defendant was acting under color of state law as a member of the Police Department of the City of Fort Deposit, he intentionally violated the Plaintiff's constitutional right to free speech.

Under the First Amendment to the Constitution of the United States, every citizen has the right to free speech.

The Plaintiff's free speech claim is intertwined with the unlawful detention claim. To establish a violation of his First Amendment right for the exercise of free speech, you must first find by a preponderance of the evidence that the detention of the Plaintiff was unlawful, as I have previously charged you. If the detention was lawful, the Plaintiff does not have a free speech claim. If you find the detention unlawful, then you must determine whether the Plaintiff proved his free speech claim. In order to prove this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:      That the Defendant was acting under the color of state law;

Second:      That the Plaintiff's speech activities were protected under the First Amendment; and

Third:      That the Plaintiff's exercise of his protected rights was a substantial motivating factor in the Defendant's actions.

It is the law in Alabama that "shooting a bird" is not, in and of itself, a violation of Alabama's Disorderly Conduct Statute, even if directed at a police officer. It is federal law the First Amendment protects a significant amount of verbal criticism and challenge directed at police officers. It is undisputed that the Defendant was acting under color of state law. If you find by a preponderance of the evidence that the Defendant detained the Plaintiff solely to stifle the Plaintiff's use of this gesture or in retaliation of Plaintiff's use of the gesture, then the Defendant would have violated the Plaintiff's First Amendment right to free speech. You must consider all of the circumstances in making this determination.

Excessive Force. Third, I will state the law for Plaintiff's claim of excessive force. In this case the Plaintiff claims that while the Defendant was acting under color of state law as a member of the Police Department of the City of Fort Deposit, he intentionally violated the Plaintiff's constitutional right to be free from the use of excessive or unreasonable force during a detention.

Under the Fourth Amendment to the Constitution of the United States, every citizen has the right not to be subjected to excessive or unreasonable force while being detained by a law enforcement officer, even if the detention is otherwise made in accordance with the law.

The law further provides that a person may sue in this Court for an award of money damages against anyone who, "under color" of any state law or custom, intentionally violates the Plaintiff's rights under the Constitution of the United States.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:        That the Defendant intentionally committed acts that violated the Plaintiff's

              federal constitutional right not to be subjected to excessive or unreasonable

9

force during a detention;

Second:        That in so doing the Defendant acted "under color" of state law; and

Third:         That the Defendant's acts were the proximate or legal cause of damages

               sustained by the Plaintiff.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

In this case the parties have stipulated or agreed that the Defendants acted "under color" of state law and you should, therefore, accept that fact as proven.

You must first determine what force was used by the Defendant to detain the Plaintiff. Next you must determine whether the Defendant intentionally subjected the Plaintiff to excessive force. In that regard, as previously mentioned, every person has the constitutional right not to be subjected to excessive or unreasonable force while being detained by a law enforcement officer, even if such detention is otherwise made in accordance with the law. On the other hand, in detaining a person, an officer has the right to use such force as is reasonably necessary under the circumstances to complete the detention. Whether a specific use of force is excessive or unreasonable turns on factors such as the severity of the crime, the need for the application of force, the relationship between the need and the amount of force used, whether the suspect poses an immediate violent threat to others, whether the suspect is resisting or fleeing, the extent of the injury inflicted, and whether the force was applied in good faith or maliciously or sadistically. You must decide whether the force used in detaining the Plaintiff was excessive or unreasonable on the basis of that degree of force that a reasonable and prudent law enforcement officer would have applied in making the detention under the same circumstances disclosed in this case.

A police officer may, without violating a person's constitutional rights, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot. Further, the right to make an investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it. The use of force must be judged on a case-by-case basis "from the perspective of a reasonable officer on the scene, rather than the 20/20 vision of hindsight." The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation.

## B. State Law Claims

Assault and Battery: The Defendant is also alleged to have committed an act of assault and battery upon the Plaintiff. Alabama law provides that any touching by one person of the person or clothes of another in rudeness, or in anger, or in a hostile manner, is an assault and battery. An intent to injure is not an essential element. A police officer has the right and privilege to touch another individual in the exercise of his duties as a police officer, and to use a certain amount of force in the exercise of that privilege, so long as the force used is reasonable. The Plaintiff has the burden of proving by a preponderance of the evidence that the Defendant committed an assault and battery upon him.

It is undisputed that the Defendant touched the Plaintiff and used force against him when the Defendant grasped the Plaintiff's arm, put him in a choke hold, and handcuffed him. You must determine whether the Plaintiff has met his burden of proving by a preponderance of the evidence that the force Defendant used to detain the Plaintiff was unreasonable.

11

<u>Negligence:</u> In this case the Plaintiff claims that the Defendant was negligent and that such negligence was a legal cause of damage sustained by the Plaintiff. Specifically, the Plaintiff alleges that the Defendant unreasonably seized him and utilized excessive force in making the seizure.

In order to prevail on this claim the Plaintiff must prove both of the following facts by a preponderance of the evidence:

First:          That the Defendant was "negligent;" and

Second:          That such negligence was a "legal cause" of damage sustained by the Plaintiff.

"Negligence" is the failure to use reasonable care. Reasonable care is that degree of care that a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances.

Negligence is a "legal cause" of damage if it directly and in natural and continuous sequence produces, or contributes substantially to producing such damage, so it can reasonably be said that, except for the negligence, the loss, injury or damage would not have occurred. Negligence may be a legal cause of damage even though it operates in combination with the act of another, some natural cause, or some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such damage.

If a preponderance of the evidence does not support the Plaintiff's claim, then your verdict should be for the Defendant. If, however, a preponderance of the evidence does support the Plaintiff's claim, you will then consider the defense raised by the Defendant.

The Defendant contends that the Plaintiff was also negligent and that such negligence was a legal cause of the Plaintiff's own injury. This is a defensive claim and the burden of proving that claim, by a preponderance of the evidence, is upon the Defendant who must establish:

First:        That the Plaintiff was also "negligent;" and

Second:        That such negligence was a "legal cause" of the Plaintiff's own damage.

### III. DAMAGES

I will now give you instructions concerning the issue of Plaintiff's damages. You should not interpret the fact that I do so as an indication that I believe that Plaintiff should, or should not, prevail in this case. Also, the fact that I do so does not mean that I think that you should award damages. That is for you to decide.

The burden is on the Plaintiff to prove by a preponderance of the evidence the truthfulness of his claims. If after a consideration of all of the evidence in this case, you do not find that the Plaintiff has proved any of his claims by a preponderance of the evidence, your verdict should be for the Defendant. In this event you would go no further. This would end your deliberations. On the other hand, if after a consideration of all the evidence in the case you find that the Plaintiff has proven one or more of his claims by a preponderance of the evidence, your verdict should be for the Plaintiff as to those claims. In this event it will be necessary for you to arrive at an amount to be awarded in the verdict from which I will read to you and describe later in my charge.

The Plaintiff seeks "compensatory" and "punitive" damages from the Defendant on each of his claims. If you find in favor of the Plaintiff on any of his claims, you must determine, for every claim on which he succeeds, whether he is entitled to each type of damages-compensatory and punitive-and if so, how much. Of course, if you find that the Plaintiff has not succeeded on

13

his claims, you need not consider damages at all, and your deliberations will end at that point.  I will now discuss with you the standards for awarding each type of damages.

## A. Damages–Federal Claims

Compensatory Damages:  If you should find for the Plaintiff and against the Defendant on any of Plaintiff's Constitutional claims–his unlawful detention, excessive force, and free speech claims-- you must then decide the issue of the Plaintiff's damages. For damages to be the proximate or legal result of a constitutional deprivation, it must be shown that, except for that constitutional deprivation, such damages would not have occurred.  In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just, and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury–tangible and intangible. Thus, no evidence of the value of such intangible things as physical or emotional pain and mental anguish has been or need be introduced. In that respect, it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

Alternatively, nominal damages in the amount of $1 may be awarded if you find Plaintiff's rights have been violated but that he cannot prove any actual damages.

14

Punitive Damages–Federal Claims: Plaintiff also claims that the acts of the Defendant were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle him to an award of punitive damages in addition to compensatory damages. If you find for the Plaintiff on any of his federal claims, and if you further find that the Defendant did act with malice or reckless indifference to the Plaintiff's federally protected rights, the law would allow you, in your discretion, to assess damages against the Defendant as punishment and as a deterrent to others.

## B. Damages–State Claims

Compensatory Damages-State Law Claims:  Compensatory or actual damages are allowed and should be awarded where the Plaintiff proves by a preponderance of the evidence that Plaintiff has been injured or damaged as a proximate result of an act of negligence on the part of the Defendant, or where the Plaintiff proves by a preponderance of the evidence that Plaintiff has been wilfully injured by the Defendant.  The Plaintiff alleges both that the Defendant was negligent toward him and that the Defendant willfully injured him by assaulting and battering him.

The purpose of awarding compensatory damages is to fairly and reasonably compensate the injured party for the loss or injury sustained. Compensatory damages are intended as money compensation to the party wronged, to compensate him for his injury and other damages which have been inflicted upon him as a proximate result of the wrong complained of.  If you find for the Plaintiff on either of the assault and battery or negligence claims, you may award the Plaintiff damages which compensate him for his injuries.

Punitive Damages–State Law Claims: Alabama state law also provides for the awarding of

punitive or exemplary damages. Punitive or exemplary damages allow money recovery to the Plaintiff by way of punishment to the Defendant, and for the added purpose of protecting the public by deterring the Defendant and others from doing such wrong in the future. The imposition of punitive damages is entirely discretionary with the jury. Should you award punitive damages, in fixing the amount, you must take into consideration the character and degree of the wrong as shown by the evidence in the case, and the necessity of preventing similar wrongs. For a Plaintiff to be entitled to recover punitive damages the Plaintiff must prove by clear and convincing evidence that the Defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the Plaintiff. Clear and convincing evidence means evidence that, when weighed against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence or the substantial weight of the evidence, but less than beyond a reasonable doubt. Oppression means subjecting a person to cruel and unjust hardship in conscious disregard of that person's rights. Fraud means an intentional misrepresentation, deceit, or concealment of a material fact the concealing party had a duty to disclose, which was gross, oppressive or malicious and committed with the intention on the part of the Defendant of thereby depriving a person or entity of property or legal rights or otherwise causing injury. Wantonness means conduct which is carried on with a reckless or conscious disregard of the rights or safety of others. Malice means the intentional doing of a wrongful act without just cause or excuse, either:

     i. With an intent to injure the person or property of another person or entity,

or

ii. Under such circumstances that the law will imply an evil intent.

## IV.  CLOSING INSTRUCTIONS

<u>Duty to Deliberate.</u>  Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

<u>Election of Foreperson, Explanation of Verdict Form.</u>  When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return

to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.